**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>MAIN AND PROSPECT CAPITAL, LLC, et al.,<br><br>    Defendants. | Case No. 2:19-cv-09736-FLA-AFMx<br><br>**CERTIFICATION AND ORDER TO SHOW CAUSE RE CONTEMPT AND SANCTIONS AS TO DEFENDANT DANIEL ADAM HEWKO** |

    Plaintiff Commodity Futures Trading Commission ("Commission" or "Plaintiff") has filed a motion (ECF No. 100) that seeks a contempt finding against Defendant Daniel Adam Hewko based on his failure to comply with a November 20, 2020 Order. (ECF No. 94 ("November 20, 2020 Order" or "Order".)) Defendant Daniel Adam Hewko has filed what is apparently an opposition to the motion (ECF No. 108), although it does not address the substance of Plaintiff's contentions.

    As discussed below, the Court certifies the following facts and orders Defendant Daniel Adam Hewko to appear before the District Judge to show cause why he should not be adjudged in contempt for failure to comply with the November 20, 2020 Order requiring Defendant to (1) serve responses, without

objections, to the Commission's First Set of Requests for Production; (2) concurrently produce responsive documents; (3) serve a declaration setting forth what Defendant has done to search for and review documents; (4) provide a privilege log with respect to documents, if any, not produced on privilege or work-product grounds; and (5) answer, without objections, the Commission's Interrogatories.[1]

## STATEMENT OF CERTIFIED FACTS

On November 13, 2019, the Commission filed its Complaint against Defendant Daniel Adam Hewko ("Defendant"), Defendant Daniel Hewko ("Codefendant"), and Defendant Main & Prospect Capital, LLC ("MPC"), alleging that since at least August 2014, Defendants defrauded investors in MPC's Global Opportunity Fund, including by providing false statements to investors concerning the Fund's purported investment returns, misappropriating Fund assets, and making false statements to investors concerning the Fund's purported trading. The Complaint also alleges that Defendants failed to register in various capacities with the Commission and that MPC violated certain Regulations applicable to commodity pool operators. Defendant Daniel Adam Hewko is currently proceeding *pro se* in this matter.

On August 11, 2020, the Commission served Plaintiff's First Set of Requests for Production of Documents to Defendants Daniel Adam Hewko and Main & Prospect Capital, LLC ("Requests for Production"). Defendant Daniel Adam Hewko's response was due by September 10, 2020. On August 14, 2020, Defendant sent the Commission "Defendants [sic] First Production of Documents to Plaintiff CFTC" and "Defendents [sic] Attachment to the First Production of Documents to

---

[1] The Commission's filing also includes a short section requesting that Defendant Daniel Adam Hewko be deemed to have admitted the matters raised in certain requests for admission. That issue was not part of the November 20, 2020 Order and is addressed in a separate minute order by the magistrate judge.

Plaintiff" ("August 14, 2020 Response"), which he also filed with the Court. (Painter Decl. ¶ 7[2], Ex. 3; ECF No. 54.)

The August 14, 2020 Response did not include production of documents or otherwise respond to the Commission's requests for production. (Painter Decl. ¶ 8.) Rather, the bulk of the August 14, 2020 Response was allegations of governmental misconduct, namely that the Commission improperly obtained documents from Codefendant during the pre-litigation investigation to which Codefendant supposedly did not have legal access. (ECF No. 54.) On September 3, 2020, the Commission filed a motion to strike Defendant's affirmative defenses. (ECF Nos. 55, 56.) Although having been afforded two opportunities to respond to the motion to strike, Defendant did not so. As a result, Defendant's affirmative defenses were struck — including those alleging purported governmental misconduct. (ECF Nos. 60, 86.)

On September 11, 2020, counsel for the Commission emailed a letter to Defendant requesting that he respond to the Request for Production no later than September 25, 2020. (Painter Decl. ¶ 9, Ex. 4.) Defendant did not respond. (*Id.* ¶ 10.) On October 8, 2020, counsel for the Commission served Defendant with another letter, requesting that he meet and confer by telephone to discuss the necessity and scope of a motion by the Commission to compel. (*Id.* ¶ 11, Ex. 5.) Defendant did not respond to that letter within ten days as required by Local Rules. (*Id.* ¶ 12.)

On October 22, 2020, Defendant filed a document entitled "Reply to Plaintiffs [sic] Request for Production of Documents" ("October 22, 2020 Reply"). He again did not make any production of documents. (ECF No. 70; Painter Decl. ¶ 13, Ex. 6.) On October 23, 2020, the Commission filed a Motion to Compel Defendant's Response, and Production of Documents in Response, to Request for Production. (ECF Nos. 68, 69; Painter Decl. ¶ 14.) On November 17, 2020, Defendant filed a

---

[2] The Painter Declaration is found at ECF 101, and the cited Exhibits are also found at ECF No. 101 as exhibits to the Painter Declaration.

3

"Reply to Plaintiffs [sic] Request for Meeting to Have a Meeting and Production of Documents" ("November 17, 2020 Reply"), restating his accusation that the Commission improperly obtained MPC documents during the investigation and stating that the Commission "already took everything." Defendant still made no document production. (ECF No. 87; Painter Decl. ¶ 15, Ex. 7.)

On September 15, 2020, the Commission served Interrogatories on Defendant. (*Id*. ¶ 16, Ex. 8.) Defendant failed to serve answers by the deadline. (*Id*. ¶ 17.) On October 16, 2020, counsel for the Commission served Defendant a letter, requesting that he meet and confer by telephone to discuss the necessity and scope of a motion to compel his answers, but Defendant never responded. (*Id*. ¶ 18, Ex. 9.) As a result, on October 27, 2020, the Commission filed a motion to compel Defendant's answers to the Interrogatories. (ECF Nos. 73,74.) Defendant did not address or otherwise oppose that motion. (ECF No. 94.)

On November 20, 2020, the Court entered an Order granting the Commission's motion to compel Defendant's response and production of documents in response to the Requests for Production and the Commission's motion to compel Defendant's answers to the Commission's Interrogatories. (*Id*. ¶ 22, Ex. 12, ECF No. 94.) In the November 20, 2020 Order, the Court noted that Defendant "did not participate in the meet-and-confer process or the joint stipulation process as required by Local Rules 37-1 and 37-2." (*Id*.) The Court further noted Defendant's claim in the November 17, 2020 Reply that "he has no other documents to produce because plaintiff 'already took everything'" and stated that the Reply "does not rebut the merits of Plaintiff's motions" and was "inadequate." (*Id*.) The Order provided that:

> **On or before December 7, 2020**, [Defendant] shall (i) serve written responses, without objections, to Plaintiff's [Requests for Production], which responses shall quote each individual request for production immediately preceding the response to each such request and shall state in response to each request whether documents are being produced in response to that request or why no documents are being produced; (ii) concurrently serve on Plaintiff all responsive documents . . . ;

>   (iii) provide a declaration signed under penalty of perjury that sets out in detail what [Defendant] has done to search for and review responsive documents . . . ; and (iv) provide a privilege log for any documents withheld on grounds of attorney-client privilege or work product.

(Painter Decl. ¶ 23, Ex. 12, ECF No. 94 (bold in the original).)  The Order further required that "**On or before December 7, 2020**, [Defendant] shall serve written answers, without objections, to the Plaintiff's [First Set of Interrogatories]." (*Id.* ¶ 24, Ex. 12, ECF No. 94 (bold in original).)

Following the November 20, 2021 Order, Defendant emailed counsel for the Commission a number of image and video files. Defendant also stated in emails that he would send a USB drive containing additional files, but he has not done so. (Painter Decl. ¶¶ 25-26, Ex. 13.) Despite testifying at his deposition that he has other responsive documents (including, for example, documents relating to MPC and documents relating to Defendant's purported computation of investment gains), Defendant has not produced any other documents. (*Id.* ¶¶ 27-28, Ex. 14.) Defendant also has not served responses to the Requests for Production, has not served a declaration concerning his search for and review of responsive documents, and has not served answers to the Interrogatories. (*Id.* ¶¶ 31-32.) Defendant has not sought an extension of time from the Court to comply with the Order or otherwise explained why his compliance with the Order is not possible. (*Id.* ¶¶ 30-32.)

In a December 7, 2020 Reply to the Commission's Requests for Admission, Defendant stated "I have given them [i.e., the Commission] nothing and will continue to maintain that posture." (*Id.* ¶ 33, Ex. 11.)

On January 21, 2021, the Commission emailed and sent a letter to Defendant, requesting that he immediately take all the actions required by the November 20, 2020 Order and that he meet and confer by telephone on January 25, 2021 concerning the Commission's contemplated contempt motion. (*Id.* ¶ 35, Ex. 15.) Counsel for the Commission called Defendant on January 25, 2021. (*Id.* ¶ 36.) In that call,

counsel for the Commission reiterated the request that Defendant immediately take the actions required by the Court's Order and that he do so no later than January 29, 2021. (*Id.* ¶ 36.) Defendant stated that he would attempt to do so. (*Id.*)

On January 29, 2021, Defendant sent the Commission an email stating:

> Unfortunately, I was unable to drop what I was doing and make the last minute 1200 mile trip under the 72hr timeline you demanded. Unlike government employees, many private citizens have been asked to remain home and up until last Monday California opened back up. So between that and actually having to work I can't just up and go at a moments notice- no matter the situation. Thank you for understanding.
>
> Based on our discussion last Monday I will file motion to you motion or whatever to ask the judge to provide a realistic timeline that accounts for requests to be made with practical human decency and understanding- something I feel your request is lacking.

(*Id.* ¶¶ 37-38, Ex. 16.)

On February 8, 2021, counsel for the Commission sent an email to the magistrate judge's Courtroom Deputy Clerk, copying Defendant and putting him on notice that the consequences of noncompliance could include default judgment. In that email, counsel for the Commission requested:

> Prior to the Commission's filing a motion for contempt sanctions (including but not limited to requesting that the Court strike [Defendant's] answer, find him in default, or impose evidentiary sanctions), that the Court intervene and warn [Defendant] that his continued failure to comply with the Court's November 20, 2020 Order could result in the striking of his answer and entry of default judgment against him . . . .

(*Id.* ¶ 39, Ex. 17.)

By emails dated February 8 and 9, 2021, the Courtroom Deputy Clerk scheduled a telephonic conference with the Court for February 11, 2021. (*Id.* ¶ 40, Ex. 18.) Defendant did not respond to those emails, and he failed to appear for the telephonic conference. (*Id.*)

## DISCUSSION

When an act "constitut[ing] a civil contempt" occurs in a discovery-related proceeding,

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6); *see also* Assignment of Duties to Magistrate Judges, C.D. Cal. Gen. Order 05-07 (2005). In certifying the facts under § 636(e), the magistrate judge's role is to determine whether the moving party can assert sufficient evidence to establish a prima facie case of contempt. *See Proctor v. State Gov't of North Carolina,* 830 F.2d 514, 521 (4th Cir. 1987).

In the Ninth Circuit, a party alleging that another person should be held in civil contempt must establish by clear and convincing evidence that the alleged contemnor "violated the court order," "beyond substantial compliance," "not based on a good faith. and reasonable interpretation of the order." *Labor/Community Strategy Ctr. v. Los Angeles Cty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). Once that prima facie showing is made, the burden shifts to the alleged contemnor to "produce evidence explaining [her] noncompliance." *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (citing *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998)). In making a contempt determination, a court may consider "the witness'[s] history of non-compliance and the extent to which the witness failed to comply during the pendency of the motion for contempt." *Martinez v. City of Avondale*, 2013 WL 5705291, at *4 (D. Ariz. Oct. 18, 2013).

It is well established that "courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). An order holding a party in contempt is appropriate "[i]f a person disobeys a specific and definite court order." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) (citing *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983)).

The party alleging contempt must demonstrate by clear and convincing evidence that the alleged contemnor violated a "specific and definite" order of the Court by failing to "take all reasonable steps within the party's power to comply." *Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695. Upon such a showing, the burden shifts to the contemnor to demonstrate why they were unable to comply. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). And while the inability to comply with a court order may be a defense to contempt, the party asserting that defense must show "categorically and in detail" why compliance is impossible.

Here, there is clear and convincing evidence that Defendant failed to comply with the Court's specific and definite November 20, 2020 Order. The Order required that Defendant do the following on or before December 7, 2020: (1) serve responses, without objections, to the Requests for Production; (2) concurrently serve responsive documents; (3) provide a declaration setting out in detail what Defendant has done to search for and review responsive documents; (4) provide a privilege log for documents, if any, withheld on grounds of attorney-client privilege or work product; and (5) serve written answers, without objections, to the Interrogatories. Defendant has not completed the acts required by the Order and apparently has not taken "all reasonable steps within [his] power to comply." *Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695. Aside from emailing a handful of image and video files that the Commission received on December 7 and 8, 2020, Defendant has not produced any other documents to the Commission, notwithstanding that he testified

in his deposition that he has other responsive documents. He has not complied with the Order's other requirements: He has not served responses to the Commission's Requests for Production, has not served a declaration concerning his search for and review of documents, and has not answered the Commission's Interrogatories. When the Court held a telephone conference on February 11, 2021 — during which Defendant could have explained the reasons for his non-compliance and requested additional time to comply — Defendant did not attend the conference.

Sanctions under Fed. R. Civ. P. 37(b)(2) are appropriate in where the violation is due to willfulness, bad faith or the fault of the party. *In re Heritage Bond Litigation*, 223 F.R.D. 527, 530 (C.D. Cal. 2004). "Disobedient conduct not shown to be outside the control of the litigant" meets this standard." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). Fed. R. Civ. P. 37(b)(2) permits a variety of sanctions, including the striking of pleadings, entry of default judgment, and evidentiary sanctions. As a sanction for contempt here, the Commission seeks a default judgement against Defendant. Alternatively, the Commission seeks other sanctions under Fed. R. Civ. P. 37(b)(2)(A), including directing that certain designated facts be taken as established for purposes of the action; and prohibiting Defendant from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.[3]

Courts shall consider a number of factors when considering terminating sanctions (i.e., dismissal in the case of a plaintiff's noncompliance or default in the case of a defendant's noncompliance): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

---

[3] The Court has also been informed that Defendant has not served initial disclosures in this case. Under Fed. R. Civ. P. 37(c)(1)(C), Defendant's failure to provide initial disclosures may constitute an independent ground for sanctions in this case. The failure to make initial disclosures automatically may have the effect that the non-disclosing "party is not allowed to use that information or witness [that was not disclosed] to supply evidence on a motion, at a hearing, or at a trial . . . ."

prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). The factors are not to be applied mechanically, but instead serve to "provide[] the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Default may be appropriate where as few as three of the factors favor such sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (upholding terminating sanctions where first three factors weigh in favor).

With respect to the first two factors, Defendant's noncompliance has impacted the pace of this litigation. The Court required Defendant's compliance with the discovery Order no later than December 7, 2020, but Defendant has largely failed to meet that deadline. Defendant further stated on December 7, 2020 that "I have given them [i.e., the Commission] nothing and will continue to maintain that posture." For the third factor, Defendant's failure to produce documents and comply with his discovery obligations as ordered has led to prejudice to the Commission. According to the Commission, the prejudice is substantial because the documents that Defendant refuses to produce and the Interrogatories he refuses to answer go to the core of his purported defenses to the Commission's allegations. The fourth factor (the public policy favoring resolution of cases on the merits) generally weighs against default. However, this policy may be "ill-served" where, noncompliance with discovery obligations itself frustrates the ability of the matter to be resolved on the merits. *aPriori Technologies Inc. v. Broquard*, 2017 WL 6876191, at *4 (C.D. Cal. Oct. 31, 2017); *see also SEC v. Blockvest, LLC*, 2020 WL 1910355, at *16 (S.D. Cal. Apr. 20, 2020) (finding that this factor "lends little support" to a party whose conduct impedes progress toward disposition on the merits) (citation omitted). As to the fifth factor, the availability of less drastic sanctions, it is "not always necessary for the court to

impose less severe sanctions first," *Garden City Boxing Club, Inc. v. Izarraraz*, 2008 WL 5351681, at *4 (D. Nev. Dec. 18, 2008). Because Defendant has refused to comply with the prior discovery order, other sanctions short of default may be futile. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788-89 (9th Cir. 2011) (finding that fifth factor weighed in favor of default where defendants failed to comply with court order to produce documents and answer interrogatories, which was a "lesser sanction than default"). In considering the fifth factor, it is "not always necessary for the court . . . to give any explicit warning" before resorting to default, particularly where the defendant is on notice that continued defiance could result in default. *Garden City Boxing Club*, 2008 WL 5351681, at *4; *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132-33 (9th Cir. 1987) (finding that a warning is not necessary to satisfy the "consideration of alternatives" requirement where the noncomplying party can "hardly be surprised by a harsh sanction in response to willful violation").

For all of these reasons, the undersigned certifies the facts stated above.

## ORDER

**IT IS THEREFORE ORDERED that Defendant Daniel Adam Hewko shall appear before the Honorable Fernando L. Aenlle-Rocha on Friday, April 9, 2021 at 1:00 p.m**. to show cause why Defendant should not be adjudged in contempt by reason of the facts certified herein. Judge Aenlle-Rocha is located at Courtroom 6B, Sixth Floor, United States District Court, 350 W. 1st Street, Los Angeles, California, 90012. **The hearing will proceed by ZOOM Webinar. Instructions for the ZOOM Webinar are available on the Central District of California website under "Judges Procedures and Schedules" for Judge Aenlle-Rocha.** Plaintiff shall promptly serve this order on Defendant via email and U.S. mail and shall file a proof of service.

DATED: 3/12/2021

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE